UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-083 |
| | ) | |
| PRISCILLA DAVIS | ) | |

## **MEMORANDUM AND ORDER**

The defendant has pled guilty to a methamphetamine conspiracy offense and will be sentenced on June 12, 2018. The United States Probation Office has prepared and disclosed the Presentence Investigation Report ("PSR") [doc. 232], to which the defendant has filed three objections. The court will now address those objections in turn.

I.

*Mitigating Role*

By her first objection, the defendant argues that her offense level should be lowered by two to four levels due to her allegedly lesser culpability as compared to her codefendants. *See* U.S. Sentencing Guidelines Manual § 3B1.2 (2016). In response, the probation office and the prosecution have agreed that the defendant should receive a two-level minor participant reduction pursuant to guideline 3B1.2(b). The total offense level has accordingly been reduced from 29 to 27. [Doc. 142].

It is unclear whether the defendant will continue to argue for a greater role reduction. The court will address the matter further if necessary at sentencing, although the issue would at this time appear to have been mooted by the interplay between the

defendant's 120-month mandatory minimum sentence and the United States' motion filed under United States Sentencing Guideline ("U.S.S.G.") § 5K1.1.

II.

*U.S.S.G. § 4A1.2(k)(1)*

At paragraphs 34 and 35, the PSR assigns two criminal history points for each of two prior Greene County, Tennessee, convictions. In each of those cases, the defendant initially received a prison sentence of less than sixty days. Thus, as originally sentenced, each conviction would have been assigned no more than one criminal history point under the federal guidelines. *See* U.S.S.G. § 4A1.1(c).

However, the defendant's Greene County probation was revoked four times in the first of these cases and three times in the second. The PSR accordingly assigns two points to each conviction pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(k)(1) because these original and revocation sentences, when added together, exceed 60 days in each case. *See* U.S.S.G. § 4A1.1(b) ("Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)."). The defendant objects that this assignment of four criminal history points is unfair because three of the revocations were sought "by the same probation officer, on the same dates, during the same term of supervision, and based upon the same conduct."

Guideline 4A1.2(k) instructs that "[i]n the case of a prior revocation of probation . . . , add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points . . . ." U.S.S.G. § 4A1.2(k)(1). Further, "[w]here a revocation applies to multiple sentences, and

2

such sentences are counted separately under § 4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points." U.S.S.G. § 4A1.2 cmt. n.11.[1] The court must therefore apply application note 11 to determine whether the prior convictions at PSR paragraphs 34 and 35 each indeed resulted in a prior sentence of imprisonment of at least 60 days.

The defendant's probation was simultaneously revoked in these Greene County cases on November 12, 2008, December 27, 2011, and April 27, 2012. Prior to the first of these dual revocations, the defendant had served 12 days' imprisonment for the conviction at paragraph 34, consisting of an initial two days plus a probation revocation of 10 days imprisonment which applied only to that case. As to the conviction at paragraph 35, prior to November 12, 2008, the defendant had spent only 45 days in jail.

The November 12, 2008 probation revocation resulted in an additional 30-day term of imprisonment in each of the Greene County cases (which the court presumes was served concurrently). Pursuant to application note 11, that 30-day imprisonment is added to the original sentence at PSR paragraph 35—rather than paragraph 34—because doing so "result[s] in the greatest increase in criminal history points." That is so because adding 30 days to the original 45-day sentence at paragraph 35 produces a total of 75

---

[1] It is undisputed that the convictions at PSR paragraphs 34 and 35 are correctly "counted separately under § 4A1.2(a)(2)" in this case.

days' imprisonment—which, obviously, exceeds 60 days and thus increases the criminal history points from one to two pursuant to U.S.S.G. § 4A1.1(b).[2]

Next comes the December 27, 2011 revocation which resulted in an additional 60 days' imprisonment for the two Greene County cases (which, again, the court presumes was served concurrently). For federal guideline purposes, adding 60 days to the 75 days already served for the conviction listed at PSR paragraph 35 would not result in any increase in criminal history points because the total term of imprisonment at that point was still less than 13 months. *See* U.S.S.G. § 4A1.1(a). The conviction at PSR paragraph 34 is a different story. Sixty days added to the 12 days' imprisonment already served equals 72 days, and 72 is greater than 60. Therefore, adding the December 27, 2011 revocation sentence to PSR paragraph 34—rather than paragraph 35—"result[s] in the greatest increase in criminal history points" because paragraph 34 now becomes a two-point conviction under § 4A1.1(b) rather than a one-pointer under § 4A1.1(c).

The method of calculation employed herein is consistent with published Sixth Circuit authority. *See United States v. Parson*, 288 F.3d 818 (6th Cir. 2002). Parson's probation and parole for each of two state convictions had been simultaneously revoked three times. *See id.* at 819. In determining that the prior revocations resulted in aggregate terms of imprisonment of more than one year and one month for both of the two state cases under guideline 4A1.2(k), the Court held,

---

[2] Conversely, adding 30 days to the 12 days previously served on the conviction listed at PSR paragraph 34 <u>would not</u> result in an increased criminal history score because 12 plus 30 is less than 60. *See* U.S.S.G. § 4A1.1(c) (one criminal history point for a prior sentence of less than 60 days).

4

> Parson's parole was revoked on multiple occasions. On each revocation, according to the application note, the additional time sentenced is to be added to the sentence that would create the greatest increase in criminal history points. Therefore, the time added from the first revocation (over 4 years) would apply to only one of the two prior felonies. However, the second time that parole was revoked (and the rule applied again), the additional time (over 1 year) would be applied to the second of the two prior felonies, and so on. Since each of these two sentences would finally be over one year and one month, both should be counted.

*Id.* at 822.

The present defendant's PSR therefore correctly calculates her criminal history score at paragraphs 34 and 35. Her second objection will be overruled.

### III.

*U.S.S.G. § 4A1.2(a)*

Lastly, the defendant objects to PSR paragraph 36, pertaining to a North Carolina Oxycodone conviction for which the state court imposed an indeterminate prison sentence of 11 to 14 months. The PSR assigns three points for this conviction. *See* U.S.S.G. § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."). The defendant alleges that she only served 11 months of that sentence and thus should receive only two criminal history points. *See* U.S.S.G. § 4A1.1(b) ("Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)."). The defendant is not correct.

5

Application note two to U.S.S.G. § 4A1.2 is instructive.

> For the purposes of applying § 4A1.1(a), (b), or (c), *the length of a sentence of imprisonment is the stated maximum* (*e.g.*, in the case of a determinate sentence of five years, the stated maximum is five years; in the case of an indeterminate sentence of one to five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed the defendant's twenty-first birthday, the stated maximum is the amount of time in pre-trial detention plus the amount of time between the date of sentence and the defendant's twenty-first birthday). That is, *criminal history points are based on the sentence pronounced, not the length of time actually served*.

U.S.S.G. 4A1.2 cmt. n.2 (emphasis added). Thus, the defendant's PSR correctly assigns three criminal history points pursuant to U.S.S.G. § 4A1.1(a) for 14-month stated maximum of the indeterminate North Carolina sentence. The defendant's third objection will be overruled.

IV.

*Conclusion*

For the reasons provided herein:

1. The defendant's second and third objections to her PSR [doc. 243] are **OVERRULED**.

2. The defendant's first objection [doc. 243] has been partially resolved in her favor by the probation office. This issue is in all other respects **TAKEN UNDER ADVISEMENT**.

Sentencing remains set for Tuesday, June 12, 2018, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge